**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION**

| | |
|---|---|
| SYLVIA B. BLAIR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 5:10cv00112 |
| v. ) | |
| ) | |
| MICHAEL J. ASTRUE, ) | By: Michael F. Urbanski |
| Commissioner of Social Security, ) | United States District Judge |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

Plaintiff Sylvia B. Blair ("Blair") brought this action for review of the Commissioner of Social Security's ("Commissioner") decision denying her claim for disability insurance benefits ("DIB") and supplemental security income ("SSI") under the Social Security Act (the "Act"). On appeal, Blair does not take issue with the Administrative Law Judge's ("ALJ") evaluation of the medical evidence of record. Rather, Blair argues that the ALJ erred by relying on evidence of her unsuccessful work attempt as a janitor in finding she can return to her past relevant work. She also argues that there is an "inherent inconsistency" in the ALJ's assessment of Blair's residual functional capacity and his determination that she can perform her past relevant work. Blair claims the ALJ found she could frequently lift 20 pounds, which describes a range of medium work, whereas her past relevant work was performed at the light exertional level according to the testimony of the vocational expert.

Having carefully reviewed the administrative record, the court concludes that the ALJ's decision is supported by substantial evidence. Plaintiff held a number of cleaning positions over the course of her career–not just the unsuccessful work attempt Blair points to on appeal–which

qualify as her past relevant work. Moreover, the ALJ is entitled to consider plaintiff's three months of work following her alleged disability onset, in addition to other evidence including plaintiff's testimony, the medical evidence, and plaintiff's activities of daily living, in determining plaintiff's credibility as to her residual functional capacity. Additionally, the ALJ's statement that Blair can lift 20 pounds frequently is nothing more than a typographical error. The ALJ plainly intended to limit Blair to work at the light exertional level and correctly found that Blair could perform certain of her past relevant work performed at that level.

For these reasons, the Commissioner's decision is **AFFIRMED**, the Commissioner's Motion for Summary Judgment (Dkt. #16) is **GRANTED**, and Blair's Motion for Summary Judgment (Dkt. #12) is **DENIED**.

## I

Section 405(g) of Title 42 of the United States Code authorizes judicial review of the Social Security Commissioner's denial of social security benefits. Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001). "Under the Social Security Act, [a reviewing court] must uphold the factual findings of the [ALJ] if they are supported by substantial evidence and were reached through application of the correct, legal standard." Id. (alteration in original) (quoting Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996)). "Although we review the [Commissioner's] factual findings only to establish that they are supported by substantial evidence, we also must assure that [his] ultimate conclusions are legally correct." Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980).

The court may neither undertake a de novo review of the Commissioner's decision nor re-weigh the evidence of record. Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992). Judicial review of disability cases is limited to determining whether substantial evidence supports the

Commissioner's conclusion that the plaintiff failed to satisfy the Act's entitlement conditions. See Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). Evidence is substantial when, considering the record as a whole, it might be deemed adequate to support a conclusion by a reasonable mind, Richardson v. Perales, 402 U.S. 389, 401 (1971), or when it would be sufficient to refuse a directed verdict in a jury trial. Smith v. Chater, 99 F.3d 635, 638 (4th Cir. 1996). Substantial evidence is not a "large or considerable amount of evidence," Pierce v. Underwood, 487 U.S. 552, 565 (1988), but is more than a mere scintilla and somewhat less than a preponderance. Perales, 402 U.S. at 401. If the Commissioner's decision is supported by substantial evidence, it must be affirmed. 42 U.S.C. § 405(g); Perales, 402 U.S. at 401.

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The "[d]etermination of eligibility for social security benefits involves a five-step inquiry." Walls v. Barnhart, 296 F.3d 287, 290 (4th Cir. 2002). This inquiry asks whether the claimant: (1) is working; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of a listed impairment; (4) can return to his or her past relevant work; and if not, (5) whether he or she can perform other work. Heckler v. Campbell, 461 U.S. 458, 460-462 (1983); Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). If the Commissioner conclusively finds the claimant "disabled" or "not disabled" at any point in the five-step process, he does not proceed to the next step. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). Once the claimant has established a prima facie case for disability, the burden then shifts to the Commissioner to establish that the claimant

3

maintains the residual functional capacity ("RFC"),[1] considering the claimant's age, education, work experience, and impairments, to perform alternative work that exists in the local and national economies. 42 U.S.C. § 423(d)(2)(A); Taylor v. Weinberger, 512 F.2d 664, 666 (4th Cir. 1975).

## II

Blair was born in 1962 and completed the twelfth grade. (Administrative Record, hereinafter "R." at 23, 24.) She previously held a variety of jobs, including work as a certified nursing assistant, cashier, desk clerk, cleaning person, waitress, deli worker, and assembly worker. (R. 26-28, 186.) Blair filed an application for benefits on October 26, 2007, claiming disability as of January 4, 2006, based on asthma, anemia, fibroids on her uterus, and allergies. (R. 14, 161.) The Commissioner denied her application for benefits initially and again upon reconsideration. (R. 14.) An administrative hearing was held on July 2, 2009. (R. 20-43.)

In a decision issued September 23, 2009, the ALJ found that Blair had not engaged in substantial gainful activity since her alleged onset date, classifying her three months of work after January 4, 2006 as an unsuccessful work attempt. (R. 16.) The ALJ further determined that Blair had severe impairments consisting of asthma, degenerative disc disease, anemia, and fibroids. (R. 16.) Considering these impairments, the ALJ found that Blair has retained the RFC

---

[1] RFC is a measurement of the most a claimant can do despite his or her limitations. See 20 C.F.R. §§ 404.1545(a), 416.945(a). According to the Social Security Administration:

> RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule.

Social Security Regulation (SSR) 96-8p. RFC is to be determined by the ALJ only after considering all relevant evidence of a claimant's impairments and any related symptoms (e.g., pain). See 20 C.F.R. §§ 404.1529(a), 416.929(a).

to perform light work, except that she can lift 20 pounds frequently and 10 pounds occasionally,[2] stand and walk for 6 hours in an 8 hour day, sit for 6 hours in an 8 hour day, and must avoid fumes, dust, gasses, and poor ventilation, and only occasionally climb. (R. 17.) Based on this RFC, the ALJ determined that Blair can perform her past relevant work as a cashier, cleaning person, waitress, deli worker and assembler, which were performed at the light exertional level. (R. 19.) Additionally, the ALJ also noted that the vocational expert found that Blair could perform other light work that exists in the national economy, such as food preparation worker and server. (R. 19.) Accordingly, the ALJ concluded that Blair is not disabled under the Act. (R. 19.) The Appeals Council denied Blair's request for review and this appeal followed. (R. 1-5.) The parties filed briefs in support of their respective positions. Neither party requested oral argument pursuant to Local Rule 4(c)(2). Thus, this matter is now ripe for adjudication.

### III

Plaintiff's first argument on appeal is that the ALJ erred at step four by using her unsuccessful work attempt as a janitor as "part of a rationale to determine [Blair] could perform some of her past relevant work." Pl.'s Br. in Support of Mot. for Summ. J. (hereinafter "Pl.'s Br."), Dkt. #13, at 4. Plaintiff correctly states that the ALJ found Blair had "not engaged in substantial gainful activity since January 4, 2006, the alleged onset date." (R. 16.) The ALJ noted that Blair worked after the alleged disability onset date but categorized this work as "an unsuccessful work attempt because the claimant worked for only 3 months."[3] (R. 16.) See 20

---

[2] As discussed infra, it appears the ALJ transposed these two numbers and meant to say that Blair had the RFC to lift 10 pounds frequently and 20 pounds occasionally. Light work, as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.

[3] It is unclear from the record what kind of work plaintiff performed during this three month period referenced by the ALJ. Plaintiff suggests on brief that this work was janitorial work. (See Pl.'s Br. at 4.) Indeed, the ALJ noted in his opinion that "the claimant recently went back to work performing janitorial services…." (R. 18.) But the

5

C.F.R. §§ 404.1574(c)(3), 416.974(c)(3) ("We will consider work of 3 months or less to be an unsuccessful work attempt if you stopped working, or you reduced your work and earnings below the substantial gainful activity earnings level, because of your impairment. . . .").

At step four of the sequential evaluation process, the ALJ determined that Blair "is capable of performing her past relevant work as [a] cashier, cleaning person, waitress, deli worker, and assembler which were performed at the light exertional level." (R. 19.) To the extent plaintiff is arguing on appeal that the ALJ erroneously categorized Blair's unsuccessful work attempt at Mundy's Maintenance Service as her past relevant work, the argument is without merit. The ALJ was not referring to Blair's 3-month stint at Mundy's in noting she could perform her past relevant work as a cleaning person. (R. 19). The vocational expert testified at the administrative hearing that cleaning is one category of the many jobs that make up Blair's past relevant work. (R. 39.) This testimony is borne out by the evidence of record, which indicates plaintiff held prior janitorial jobs, including work as a housekeeper in 2002 and in 1998. (See R. 26, 162, 226, 229.) The ALJ was not relying on Blair's three months of work at Mundy's in determining she can perform her past relevant work as a cleaning person at the light exertional level.[4]

---

testimony from the administrative hearing is not clear as to this issue. As plaintiff's counsel noted, "Ms. Blair has a bad memory and she's had, I don't know, 30 or 40 jobs in her career history over the years." (R. 28.)

Plaintiff testified that she last worked from August to December 2008, after her alleged onset date, at Hardees as a cook. (R. 24.) She testified that prior to Hardees, she worked for three months as a janitorial worker for Mundy's Maintenance Service but could not remember exact dates. (R. 24-25.) Her counsel later clarified that she worked at Mundy's for three months beginning in March of 2008. (R. 28; see also R. 318.) Because plaintiff refers to janitorial work in her argument on appeal, the court assumes for purposes of this analysis that the three-month unsuccessful work attempt referenced by the ALJ involved janitorial work at Mundy's. Even if it was the Hardees work to which the ALJ was referring, however, the outcome of this analysis would remain the same.

[4] Even if plaintiff is correct and the ALJ did err in finding Blair can perform her past relevant work as a cleaning person, such error would be harmless, as the ALJ also found that Blair can perform her past relevant work as a cashier, waitress, deli worker and assembler. (R. 19.) Additionally, the vocational expert testified and the ALJ noted that Blair is able to perform other light exertional work, such as a food preparation worker and server, that exists in significant numbers in the national economy. (R. 19, 40-41.)

6

Blair also argues that the ALJ erroneously used her unsuccessful work attempt as a "major factor in determining [her] residual functional capacity and her credibility." Pl.'s Br. at 4. Specifically, she points to a paragraph in the ALJ's opinion in which he discusses plaintiff's activities of daily living and states: "Finally, and most notably, the claimant recently went back to work performing janitorial services; a highly unlikely event, if the claimant's symptoms where [sic] as she described." (R. 18.)

When faced with conflicting evidence in the record, it is the duty of the ALJ to fact-find and to resolve any inconsistencies between a claimant's alleged symptoms and her ability to work. Smith v. Chater, 99 F.3d 635, 638 (4th Cir. 1996); accord Melvin v. Astrue, No. 606cv32, 2007 WL 1960600, at *1 (W.D. Va. July 5, 2007). Accordingly, the ALJ is not required to accept Blair's assertions that she is disabled by pain; instead, the ALJ must determine through an examination of the objective medical record whether Blair has proven an underlying impairment that could reasonably be expected to produce the symptoms alleged. Craig v. Chater, 76 F.3d 585, 592-94 (4th Cir. 1996) (stating the objective medical evidence must corroborate "not just pain, or some pain, or pain of some kind or severity, but the pain the claimant alleges [h]e suffers."). Credibility determinations are in the province of the ALJ, and courts normally ought not interfere with those determinations. See Hatcher v. Sec'y of Health & Human Servs., 898 F.2d 21, 23 (4th Cir. 1989); Melvin, 2007 WL 1960600, at *1; SSR 95-5p.

Blair testified she worked for three months after her alleged onset of disability.[5] While this work attempt does not constitute substantial gainful activity, the ALJ's consideration of Blair's work during the relevant time period for purposes of assessing her credibility is permissible under the regulations. 20 C.F.R. §§ 404.1571, 416.971 ("Even if the work you have

---

[5] In fact, plaintiff's testimony at the administrative hearing indicates she may have worked two different jobs for three months, each after her alleged onset date. (See R. 24-25.)

7

done was not substantial gainful activity, it may show that you are able to do more work than you actually did. We will consider all of the medical and vocational evidence in your file to decide whether or not you have the ability to engage in substantial gainful activity."); see Cintron v. Astrue, No. 3:09-CV-44, 2010 WL 691219, at *15 (N.D. W.Va. Feb. 23, 2010) ("The ALJ properly considered Plaintiff's unsuccessful work attempt in addition to the other evidence in determining that her allegations of disability were not completely credible."); Phares v. Comm'r of Soc. Sec., No. 3:07CV90, 2008 WL 2026097, at *15 (N.D. W.Va. May 9, 2008) (holding even if work was not considered substantial gainful activity, it "is still properly considered in evaluating the credibility of Plaintiff's subjective pain and limitations"); Bishop v. Barnhart, No. 3:01CV0087, 2003 WL 1562103, at *4 (W.D. Va. Mar. 26, 2003) (finding ALJ's credibility decision was supported by substantial evidence and noting "the fact that the plaintiff's unsuccessful work attempt in part influenced the ALJ's credibility determination does not make the ALJ's decision without sufficient support"); see also Harrison v. Astrue, No. 4:10CV00061, 2011 WL 3584493, at *1 n.1 (W.D. Va. Aug. 11, 2011) (noting record revealed plaintiff engaged in "work-like" activities, such as caring for her sick boyfriend and her grandchildren, after her alleged disability onset that did not rise to the level of substantial gainful activity but nevertheless demonstrated ability to engage in activities comporting with a residual functional capacity to perform a range of light work), adopted by 2011 WL 3584493 (W.D. Va. Sept. 12, 2011); Wright v. Astrue, No. 7:10CV00126, 2011 WL 672453, at *3 (W.D. Va. Feb. 17, 2011) (finding ALJ's consideration of plaintiff's seven months of work caring for two small children during the relevant time period was permissible under the regulations), adopted by 2011 WL 1815154 (W.D. Va. May 11, 2011); Edrwin v. Astrue, No. 3:09CV679, 2010 WL 6243333, at *4 (E.D. Va. May 21, 2010) ("Though the employment did not rise to the level of [substantial

gainful activity], the evidence could still be considered to demonstrate that a claimant is able to perform more work than the claimant did perform."), adopted by 2011 WL 1086473 (E.D. Va. Mar. 23, 2011).

Additionally, in assessing plaintiff's residual functional capacity and credibility, the ALJ relied on more than just Blair's unsuccessful work attempt. The ALJ considered the medical evidence of record, statements made by Blair concerning her symptoms and limitations, and plaintiff's daily activities. With respect to the medical evidence,[6] the ALJ found that Blair's asthma, uterine fibroids and anemia are all controlled with medication and treatment. (R. 18.) He further found that physical therapy and anti-inflammatory medication helped with Blair's degenerative disc disease. (R. 18.) The ALJ considered plaintiff's testimony that her degenerative disc disease and osteoarthritis leave her "painful to where [she] can't even move and just want[s] to sleep. . . ." (R. 34; see also R. 17.) As the ALJ noted, however, plaintiff testified that the shot of medication she received "helped a lot" with the pain. (R. 34; see also R. 18.) When asked about whether her uterine fibroids cause her any symptoms, Blair testified that they did not, except to cause her monthly menstrual flow to be heavy. (R. 35.) The ALJ also considered plaintiff's testimony regarding her asthma flare-ups but noted that despite these flare-ups, plaintiff continues to smoke cigarettes. (R. 18.) Additionally, plaintiff testified that she only had to leave her work in janitorial services once because the cleaning products exacerbated her asthma symptoms. (R. 31-32.) Although Blair testified that her anemia leaves her "exhausted and sleeping," (R. 35), the ALJ correctly pointed out that Blair stated she had not seen a doctor for this condition recently. (R. 17-18, 35.) Plaintiff testified that three days out of the average week she feels "terrible" and "just want[s] to sleep." (R. 36-37.) The ALJ noted, however, that Blair is able to care for her personal needs, do laundry, cook, grocery shop, care

---
[6] Blair raises no issue on appeal with respect to the ALJ's evaluation of the medical evidence.

9

for her pets and visit her family and friends. (R. 18.) Given this level of activity, including the fact that she was able to work in janitorial services after her onset date, the ALJ found Blair's statements as to the extent of her limitations not to be credible. (R. 18.) This credibility assessment is supported by substantial evidence and ought not be disturbed.

## IV

Plaintiff's second argument on appeal is that there is an "inherent inconsistency" in the ALJ's determination that plaintiff can perform her past relevant work at the light exertional level, because the ALJ found plaintiff had the RFC to carry 20 pounds frequently, which is more accurately described as a requirement for medium work. Pl.'s Br. 4-5. With respect to plaintiff's RFC, the ALJ found Blair could:

> perform light work as defined in 20 C.F.R. [§§] 404.1567(c) and 416.967(c) except that she can lift 20 lbs frequently and 10 lbs occasionally, stand and walk for 6 hours in an 8 hour day, sit for 6 hours in an 8 hour day and must avoid fumes, dust, gasses and poor ventilation and only occasionally climb.

(R. 17.) As such, the ALJ concluded that Blair "is capable of performing [her] past relevant work as a cashier, cleaning person, waitress, deli worker, and assembler which were performed at the light exertion[al] level. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 C.F.R. [§§] 404.1565 and 416.965)." (R. 19.)

Plaintiff asserts the ALJ "added the limitation of '20 pounds frequently' to the basic finding of light duty work." Pl.'s Br. 5. It is plain to the court, however, that no weight limitation was added in the ALJ's RFC assessment; rather, this was merely a typographical error. The ALJ transposed the numbers 10 and 20 in expressing how much weight plaintiff can carry.

10

Finding otherwise would render the ALJ's statement illogical. It makes no sense to find that Blair can carry 20 pounds frequently but 10 pounds only occasionally.

Additionally, "[l]ight work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. §§ 404.1567(b), 416.967(b).[7] The ALJ's reference to 20 pounds and 10 pounds in his RFC assessment is consistent with his finding that Blair can perform light work. Medium work, on the other hand, "involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. §§ 404.1567(b), 416.967(b). Nothing in the ALJ's RFC assessment indicates he intended to categorize Blair's functional capacity at the medium exertional level.

Finally, the hypothetical the ALJ posed to the vocational expert at the administrative hearing clearly contemplates light work. The ALJ stated:

> Assume the same age, education and past work as it's there. Let's presume the person is limited as by the DDS physician who reviewed the file. He indicated the person would be restricted upon occasion to lift and carry 20 pounds, could frequently lift and carry 10 pounds. Could stand and/or walk with normal breaks for a total of about six hours in an eight-hour day, can sit a total of about six hours in an eight-hour day. Is able to frequently use ramps, climb stairs and occasional[ly] climb ladders, ropes and scaffolds. And should avoid concentrated exposure to fumes, odors, dust, gases, poor ventilation and such. With those limitations are there any jobs that she'd done in the past that she could do.

(R. 40.) The vocational expert answered that given these limitations, Blair could perform her past relevant work as a cleaner, cashier, desk clerk, waitress, deli worker and assembler, and that she could also perform work as a food preparation worker and server, which jobs exist in

---

[7] Although not raised by plaintiff on appeal, it appears the ALJ also made a typographical error in his citation to the regulation defining light work. The definition of light work is found in 20 C.F.R. §§ 404.1567(b), 416.967(b), rather than in subsection (c).

11

significant numbers in the national economy. (R. 40.) This hypothetical is virtually identical to the RFC determination set forth in the ALJ's decision,[8] except that in his decision, the ALJ erroneously stated Blair can lift 20 pounds frequently and 10 pounds occasionally. (R. 17.) This statement is nothing more than a harmless typographical error. The ALJ plainly intended to limit Blair to light work, and he adopted the vocational expert's finding that at the light exertional level, Blair can perform her past relevant work as a cashier, cleaning person, waitress, deli worker and assembler, as well as other jobs in the national economy. There is neither error nor an "inherent inconsistency" in this finding.[9] As such, the ALJ's decision must be affirmed.

V

At the end of the day, it is not the province of the court to make a disability determination. It is the court's role to determine whether the Commissioner's decision is supported by substantial evidence, and, in this case, substantial evidence supports the ALJ's decision. In holding that the final decision of the Commissioner is affirmed, the court does not suggest that Blair is free from all pain or infirmity. Careful review of the administrative record compels the conclusion that Blair has not met her burden of establishing that she is totally disabled from all forms of substantial gainful employment. The ALJ properly considered all of the subjective and objective factors in adjudicating Blair's claim for benefits. It follows that all facets of the Commissioner's decision in this case are supported by substantial evidence. For these reasons the Commissioner's Motion for Summary Judgment (Dkt. #16) is **GRANTED**, and Blair's Motion for Summary Judgment (Dkt. #12) is **DENIED**.

---

[8] It is also worth noting that this hypothetical reflects the same degree of limitation set out by the state agency physicians that reviewed this file. The state agency physicians limited Blair to light work. (R. 278-82, 307-11.)

[9] Moreover, even if the ALJ had found plaintiff could perform work at the medium exertional level, there is no inconsistency in his finding that she can perform her past relevant work at the light exertional level. Pursuant to the regulations, if someone can perform medium work, they can also perform light work. 20 C.F.R §§ 404.1567(c), 416.967(c).

The Clerk is directed to send a copy of this Memorandum Opinion and accompanying Order to counsel of record.

Entered: February 24, 2012

*/s/ Michael F. Urbanski*

Michael F. Urbanski
United States District Judge